1                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF OHIO
2                      EASTERN DIVISION

3

UNITED STATES OF AMERICA,     Case No. 17CR20
4
         Plaintiff,
5                         March 22, 2017
      vs.
6
RAYVONNA TAYLOR,
7
         Defendant.
8

9

          TRANSCRIPT OF GUILTY PLEA PROCEEDINGS
10        BEFORE THE HONORABLE DAVID A. RUIZ
           UNITED STATES MAGISTRATE JUDGE
11

12

APPEARANCES:
13
For the Government:      Vasile Katsaros, AUSA
14                         Office of the U.S.
                           Attorney
15                         Northern District of Ohio
                         801 West Superior Avenue
16                         400 U.S. Court House
                         Cleveland, Ohio   44113
17                         (216) 622-3600

18    For the Defendant:      Alek H. El-Kamhawy, Esq.

19

20

21

22

23

24

25

1          THE CLERK:  All rise.

2          THE COURT:  Please be seated.

3          THE CLERK:  This court is open for the

4     transaction of business, the Honorable David A. Ruiz

14:45:52  5     presiding.

6               This is Case Number 1:17CR20, United States

7     of America versus Rayvonna Taylor.

8          THE COURT:  Good afternoon.  Will counsel

9     for the United States please identify himself for the

14:46:11 10     record?

11          MR. KATSAROS:  Vasile Katsaros on behalf of

12     the United States, Your Honor.

13          THE COURT:  And will counsel for the

14     defendant please identify himself for the record?

14:46:18 15          MR. EL-KAMHAWY:  Good afternoon, Judge.

16     Alek El-Kamhawy on behalf of Ms. Taylor.

17          THE COURT:  Ms. Taylor, it is my

18     understanding that you wish to change your plea and enter

19     a plea of guilty today.

14:48:37 20               Is that correct?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  I'll be conducting a change of

23     plea hearing and we'll be -- we'll -- we will be going

24     over your plea agreement in detail.

14:48:47 25               If there's anything that you don't

1    understand, you may consult with your attorney at any

2    time during the proceedings.

3                    Do you understand that?

4                    THE DEFENDANT:  Yes, sir.

14:48:57 5           THE COURT:  Do you understand that Attorney

6    El-Kamhawy is here to represent you today?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  Ms. Taylor, are you presently

9    under the influence of any medications, drugs,

14:49:05 10  substances, alcohol, anything that would interfere with

11   your ability to think or understand?

12                   THE DEFENDANT:  No, sir.

13                   THE COURT:  Mr. El-Kamhawy, do you have any

14   reason to question either your client's ability to

14:49:15 15  understand what's going on here today or competency to

16   proceed in this matter?

17                   MR. EL-KAMHAWY:  No, Judge.

18                   THE COURT:  Mr. Katsaros, do you have any

19   reason to doubt or to question the defendant's competency

14:49:31 20  to plead today?

21                   MR. KATSAROS:  No, Your Honor.

22                   THE COURT:  I have before me a document

23   titled "Consent to order of referral to Magistrate Judge

24   for purposes of receiving defendant's guilty plea."

14:50:07 25          Ms. Taylor, did you, in fact, review this

document, consult with your attorney, and sign it today?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you have the right to offer your guilty plea to Judge Boyko, the District Court Judge in this case?

THE DEFENDANT: Can you repeat that, please?

THE COURT: Do you understand that you have the right to offer your guilty plea to Judge Boyko who is the District Court Judge in this case?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that by giving this consent to my jurisdiction, you give up your right to offer your guilty plea to the District Judge?

THE DEFENDANT: Yes, sir.

THE COURT: Do you still wish to proceed with your guilty plea today?

THE DEFENDANT: Yes, sir.

THE COURT: I find that Ms. Taylor does knowingly and voluntarily consent to my jurisdiction to -- for purposes of the proceedings today.

Ms. Taylor, the purpose of this proceeding is to establish that you are competent to make a plea, to ensure that your plea is free and voluntary, to be certain you understand the charges asserted against you,

1   the maximum penalties for those charges, and the

2   constitutional rights that you will be giving up by

3   pleading guilty.

4          Another purpose is also to determine that

14:51:20 5   there is a factual basis for the plea and, finally, to

6   receive your plea.

7          During today's proceedings, I will be

8   asking you a series of questions.  The court reporter

9   will record my questions and your answers.  Only spoken

14:51:32 10   verbal statements can be recorded as opposed to head nods

11   or gestures, so please make sure that you clearly speak

12   into the microphone so the court reporter can hear you.

13          Do you understand that?

14          THE DEFENDANT:  Yes, sir.

14:51:45 15          THE COURT:  If you do not understand any

16   question or at any time you wish to consult with your

17   attorney, please say so because it is essential to a

18   valid plea that you understand each question before you

19   answer it.

14:51:56 20          Do you understand that instruction?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Ms. Taylor, you have the right

23   to remain silent, you are not required to make any

24   statement, and anything you say may be used against you.

14:52:06 25          Before receiving your guilty plea, there

are a number of questions that I will ask you to assure
that your plea is valid.

By answering these questions, you will be
making statements against your interests and you will
incriminate yourself.

Do you understand that by proceeding here
today with a guilty plea, you will necessarily be giving
up your right to remain silent?

THE DEFENDANT:  Yes, sir.

THE COURT:  Ms. Golden, could you please
swear in the witness?

THE CLERK:  Raise your right hand, please.

(Defendant sworn).

THE CLERK:  Thank you.

THE COURT:  Ms. Taylor, you have now been
sworn and are under oath to tell the truth.  Your answers
to my questions may be subject to prosecution of perjury
and for making false statements if you do not tell the
truth.

Do you understand the potential
consequences if you do not tell the truth?

THE DEFENDANT:  Yes, sir.

THE COURT:  As part of the proceedings, I
must determine that you are competent and understand the
proceedings and competent to enter into a knowing plea.

1           In order to do that, I have to ask

2    you -- I'm going to ask a series of questions.

3                Ma'am, what is your full name?

4                THE DEFENDANT:  Rayvonna Taylor.

14:53:22 5          THE COURT:  And how old are you?

6                THE DEFENDANT:  Twenty-eight.

7                THE COURT:  Are you a citizen of the United

8    States?

9                THE DEFENDANT:  Yes.

14:53:29 10         THE COURT:  How far did you proceed in

11   school?

12               THE DEFENDANT:  High school diploma.

13               THE COURT:  And I assume by the nature of

14   the responses thus far, but I'm going to ask, are you

14:53:44 15  able to speak and understand English?

16               THE DEFENDANT:  Yes, sir.

17               THE COURT:  Are you currently on probation,

18   parole, supervised release, for any state or federal

19   conviction?

14:53:54 20         THE DEFENDANT:  No, sir.

21               THE COURT:  Do you understand that if you

22   were, that pleading guilty today could have an adverse

23   effect on any probation, parole or supervised release

24   status?

14:54:22 25         THE DEFENDANT:  Yes, sir.

1          THE COURT:  In the past twelve months, have
2     you been treated for any mental illness?
3          THE DEFENDANT:  No, sir.
4          THE COURT:  Addiction to alcohol?
14:54:28 5          THE DEFENDANT:  No, sir.
6          THE COURT:  Addiction to any -- any
7     medications, narcotics?
8          THE DEFENDANT:  No, sir.
9          THE COURT:  Any kind of drugs?
14:54:37 10          THE DEFENDANT:  No, sir.
11          THE COURT:  In the past 24 hours have you
12     taken any medications, drugs or alcohol?
13          THE DEFENDANT:  No, sir.
14          THE COURT:  Do you understand what's
15:14:56 15     happening today?
16          THE DEFENDANT:  Yes, sir.
17          THE COURT:  And can you tell me what's
18     happening today?
19          THE DEFENDANT:  I'm pleading guilty to the
15:15:02 20     indictment that was given to me.
21          THE COURT:  I'd like to have a side-bar
22     with counsel in this case as well as the defendant.
23          (Side-bar conference had off the record).
24          THE COURT:  Ms. Taylor and -- excuse me one
15:18:08 25     moment.

1          (Pause).

2          THE COURT:  Ms. Taylor and Attorney

3     El-Kamhawy, do you have a copy of the plea agreement in

4     this case?

15:18:32  5          MR. EL-KAMHAWY:  Yes, Your Honor, in front

6     of us.

7          THE COURT:  Ms. Taylor, did you, in fact,

8     review the plea agreement, consult with your attorney --

9          THE DEFENDANT:  Yes, sir.

15:18:51 10          THE COURT:  -- before signing it?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Did you, in fact, in reviewing

13     the plea agreement, sign your initials at the bottom hand

14     right corner of each page of the plea agreement?

15:19:03 15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  And after reviewing the plea

17     agreement entirely, did you sign and date the plea

18     agreement as of today, March 22nd, 2017?

19          THE DEFENDANT:  Yes, sir.

15:19:11 20          THE COURT:  In Paragraph 1 of the plea

21     agreement -- you have it in front of you, ma'am?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Paragraph 1 indicates "Waiver

24     of constitutional trial rights."  It states, "Defendant

15:19:42 25     understands that defendant has the right to plead not

guilty and go to trial.  At trial, defendant would be

presumed innocent, have the right to trial by jury, or

with the consent of the United States to trial by the

Court; the right to the assistance of counsel; the right

to confront and cross-examine adverse witnesses and

subpoena witnesses to testify for the defense."

Do you understand those rights, ma'am?

THE DEFENDANT:  Yes, sir.

THE COURT:  It further states that you

would have the right to testify and present evidence and

the right to be protected from compelled

self-incrimination.

Do you understand those rights, ma'am?

THE DEFENDANT:  Yes, sir.

THE COURT:  It further states, "Defendant

understands defendant has the right to an attorney at

every stage of the proceedings and, if necessary, one

will be appointed to represent defendant.  Defendant

understands that by pleading guilty, defendant

specifically and voluntarily waives each of these trial

rights except the right to counsel."

Do you understand that, ma'am?

THE DEFENDANT:  Yes, sir.

THE COURT:  It further states, "Defendant

understands that a guilty plea is a complete admission of

guilt and if the Court accepts the guilty plea, the Court
will find the defendant guilty without trial."

Do you understand that, ma'am?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand the rights
that have been set forth in Paragraph 1 of the plea
agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that by
pleading guilty, you will be giving up those rights?

THE DEFENDANT: Yes, sir.

THE COURT: Paragraph 2 of the plea
agreement is captioned, "Statutory penalties." It
indicates, "Defendant understands the statutory maximum
penalties and minimum penalties, if applicable, for the
count to which defendant agrees to plead guilty are as
follows."

Count 1, described as 21, U.S.C., Section
841(a)(1), (b)(1)(B) and Section 846, conspiracy to
distribute and possess with intent to distribute cocaine,
which carries with it a maximum term of imprisonment of
40 years, minimum term of imprisonment five years,
maximum statutory fine of $5 million, minimum period of
supervised release of four years, and a special
assessment of $100.

1         Do you understand the maximum and minimum

2    penalties applicable to the counts in which you are

3    charged?

4              THE DEFENDANT:  Yes, sir.

15:35:56  5              THE COURT:  Paragraph 3 is captioned

6    "Minimum sentence must include imprisonment," states,

7    "The sentence for the offense charged in Count 1 may not

8    be satisfied by a term of probation and must include some

9    period of imprisonment."

15:36:12 10              Do you understand that, ma'am?

11              THE DEFENDANT:  Yes, sir.

12              THE COURT:  Paragraph 4 entitled "Limited

13    authority under 18 U.S.C. Section 3553(f) and USSG

14    Section 5C1.2.," further described as safety valve, "to

15:36:30 15    impose sentence below statutory minimum," states

16    "Defendant understands that if the Court at the time of

17    sentencing finds the defendant meets all the requirements

18    of the 'safety valve' provision of 18 U.S.C. Section

19    3553(f) and the applicable Sentencing Guideline, the

15:36:49 20    Court may impose a sentence below the minimum sentence

21    that would otherwise be required by statute or

22    Guidelines."

23              Do you understand that, ma'am?

24              THE DEFENDANT:  Yes, sir.

15:36:58 25              THE COURT:  Paragraph 5 captioned "Special

1  assessment" says, "As set forth above, defendant will be

2  required to pay a mandatory special assessment of $100

3  for each count of conviction for a total of $100 due

4  immediately upon sentencing."

15:37:21  5        Do you understand that, ma'am?

6        THE DEFENDANT:  Yes, sir.

7        THE COURT:  Paragraph 6 entitled captioned

8  sets forth -- entitled "Costs" set forth the defendant

9  may be ordered to pay costs of prosecution, sentencing,

15:37:35 10  and so forth as set forth in Paragraph 6.

11        Do you understand that, ma'am?

12        THE DEFENDANT:  Yes, sir.

13        THE COURT:  Paragraph 7 indicates that

14  defendant may be ordered to pay restitution as a

15:37:46 15  condition of sentence, probation, or supervised release.

16        Do you understand that, ma'am?

17        THE DEFENDANT:  Yes, sir.

18        THE COURT:  Paragraph 8 sets forth a

19  violation of probation and supervised release and

15:37:56 20  indicates, "If defendant violates any term or condition

21  of probation or supervised release, such violation can

22  result in a period of incarceration or other additional

23  penalty as imposed by the Court."

24        Do you understand that, ma'am?

15:38:08 25        THE DEFENDANT:  Yes, sir.

1          THE COURT:  It furthers states, "In some

2     circumstances, the combined term of imprisonment under

3     the initial sentence and additional period of

4     incarceration could exceed the maximum statutory term."

15:38:17  5          Do you understand that, ma'am?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Paragraph 9 is entitled

8     "Immigration consequences."

9          It indicates, "Defendant understands that a

15:38:25 10     convicted person who is not a United States citizen may

11     be removed from the United States, denied citizenship,

12     and denied admission to the United States in the future."

13          Do you understand that, ma'am?

14          THE DEFENDANT:  Yes, sir.

15:38:36 15          THE COURT:  Ma'am, do you understand that

16     if you plead guilty and the District Judge accepts your

17     plea, that you will be giving up the right to trial and

18     the other rights that have been set forth in Paragraph 1

19     of the plea agreement?

15:39:02 20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  That, in fact, there will be no

22     trial in this case?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  That the District Judge will

15:39:08 25     enter a judgment of guilty and sentence you on the basis

1   of your guilty plea after considering the pretrial

2   sentencing report.

3                Do you understand that?

4                THE DEFENDANT:  Yes, sir.

15:39:17 5                THE COURT:  Do you understand that the

6   offense that you will be pleading guilty to is a felony,

7   and a judgment of guilty may deprive you of various civil

8   rights such as the right to vote, the right to hold

9   public office, the right to serve on a jury, and the

15:39:32 10   right to possess any kind of firearm?

11                THE DEFENDANT:  Yes, sir.

12                THE COURT:  At Page 3 of 12 of the plea

13   agreement, Paragraph 10, captioned "Agreement to plead

14   guilty" indicates "Defendant agrees to plead guilty to

15:39:52 15   Count 1 of the indictment in this case."

16                Do you understand that, ma'am?

17                THE DEFENDANT:  Yes, sir.

18                THE COURT:  Paragraph 11 indicates

19   "Agreement not to bring certain other charges."  It

15:40:01 20   indicates "The USAO" -- do you understand the

21   abbreviation USAO refers to the U.S. Attorney's Office?

22                THE DEFENDANT:  Yes, sir.

23                THE COURT:  It says, "The USAO will not

24   bring any other criminal charges against defendant for

15:40:13 25   violations known to the USAO on the date of the execution

1    of this agreement as it relates to this investigation,

2    for violations known to the USAO on the date of the

3    execution of this agreement, or relating to conduct

4    charged in the indictment and/or described in the factual

15:40:46   5    basis section of the agreement based on facts currently

6    within the knowledge of the USAO."

7                 Do you understand that, ma'am?

8                 THE DEFENDANT:  Yes, sir.

9                 THE COURT:  Is your decision to plead

15:40:57  10   guilty the result of an exercise of your own free will?

11                THE DEFENDANT:  Yes, sir.

12                THE COURT:  Has anyone threatened you or

13   anyone else or forced you in any way to plead guilty?

14                THE DEFENDANT:  No, sir.

15:41:05  15                THE COURT:  Ma'am, Paragraph 12 of the plea

16   agreement indicates "The elements of the offense to which

17   defendant will plead guilty are," and it's set forth

18   there in Paragraph 12, which I'll summarize as drug

19   conspiracies, "Two or more persons conspired or agreed to

15:41:32  20   violate federal drug laws," and that you as the defendant

21   knowingly and voluntarily joined in that conspiracy.

22                Do you understand that?

23                THE DEFENDANT:  Yes, sir.

24                THE COURT:  Paragraph 13 under the caption

15:41:45  25   "Sentencing stipulation and agreements" is entitled

1  "Sentencing Guidelines."  It states "Defendant

2  understands that sentencing rests within the discretion

3  of the Court.  The federal sentencing law requires the

4  Court to impose -- impose a sentence which is sufficient

15:41:59  5  but not greater than necessary to comply with the

6  purposes of 18 U.S.C. Section 3553(a), and that the Court

7  must consider, among other factors, the advisory United

8  States Sentencing Guidelines in effect at the time of the

9  sentencing, and that in determining the sentencing, the

15:42:14  10  Court may depart or vary from the advisory Guideline

11  range."

12                    Do you understand that, ma'am?

13                    THE DEFENDANT:  Yes, sir.

14                    THE COURT:  Do you have a copy of the

15:42:21  15  Sentencing Guideline table in front of you?

16                    THE DEFENDANT:  Yes, sir.

17                    THE COURT:  Have you discussed with your

18  attorney the Sentencing Guidelines?

19                    THE DEFENDANT:  Yes, sir.

15:42:28  20                    THE COURT:  You do have an understanding of

21  how the Sentencing Guidelines -- how the chart works, how

22  the table is used?

23                    THE DEFENDANT:  Yes, sir.

24                    THE COURT:  So, for example, if you look on

15:42:41  25  the sentencing chart in front of you -- and this is

1    simply an example.  I'm not saying that this is what

2    criminal history, offense level, or term of imprisonment

3    would apply to you.  It's just simply an example.

4              Do you understand that?

15:42:57  5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  So, for example, if you look on

7    the offense level on the left side and you went to a Zone

8    B and offense level 10, someone with an offense level 10

9    and a criminal history of category three, if you take

15:43:12  10   your finger to the right, look at offense level ten,

11   category history three, it would indicate number/range

12   10-16.

13             Do you understand that?

14             THE DEFENDANT:  Yes, sir.

15:43:23  15             THE COURT:  So someone with an offense

16   level of ten and a category history -- criminal history

17   category of three would, according to the Sentencing

18   Guideline table, have a recommendation term of

19   imprisonment of 10 to 16 months.

15:43:37  20             Do you understand that?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Paragraph 14 of the plea

23   agreement indicates "Presentence report," and it states,

24   "Defendant understands that the advisory Guideline range

15:43:52  25   will be determined by the Court at the time of sentencing

1    after a presentence report has been prepared by the U.S.

2    Probation Office and reviewed by the parties."

3              Do you understand that, ma'am?

4              THE DEFENDANT:  Yes, sir.

15:44:00 5    THE COURT:  It further states, "Defendant

6    understands that the USAO may provide the U.S. Probation

7    Office all known information regarding

8    defendant -- defendant's conduct subject to its limited

9    use under Sentencing Guideline 1B1.8."

15:44:15 10             Do you understand that, ma'am?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Paragraph 15 entitled "Joint

13   recommendation to use advisory Sentencing Guidelines

14   computation" indicates, "After considering the factors in

15:44:26 15  18 U.S.C. Section 3553(a), the parties agree to recommend

16   that the Court impose a sentence within the range and of

17   the kind specified pursuant to the advisory Sentencing

18   Guidelines in accordance with the computations and

19   stipulations set forth within the plea agreement."

15:44:43 20             Do you understand that, ma'am?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  It furthers states, "Neither

23   party will recommend or suggest in any way that a

24   departure or variance is appropriate, either regarding

15:44:51 25  the sentencing range or regarding the kind of sentence."

1          Do you understand that?

2                  THE DEFENDANT:  Yes, sir.

3                  THE COURT:  It further states, "The

4     government is free to argue that a two-level enhancement

15:45:01  5     for abuse of a position of trust applies under Sentencing

6     Guideline 3B1.3."

7                  Do you understand that?

8                  THE DEFENDANT:  Yes, sir.

9                  THE COURT:  It further states that you, as

15:45:13 10     the defendant, are free to oppose that request.

11                 Do you understand that?

12                 THE DEFENDANT:  Yes, sir.

13                 THE COURT:  Paragraph 16, ma'am, captioned,

14     "Sentencing recommendation not binding upon the Court,"

15:45:35 15     it states, and I'll summarize, that defendant understands

16     that the recommendation of the parties will not be

17     binding upon the Court.

18                 Do you understand that?

19                 THE DEFENDANT:  Yes, sir.

15:45:41 20                 THE COURT:  That the Court alone will

21     decide the advisory Guideline range under Sentencing

22     Guidelines and the sentence to impose.

23                 Do you understand that?

24                 THE DEFENDANT:  Yes, sir.

15:45:50 25                 THE COURT:  It further states that once the

1    Court has accepted your guilty plea, you will have no

2    right to withdraw such plea.

3              Do you understand that?

4              THE DEFENDANT:  Yes, sir.

15:46:06  5    THE COURT:  And you will not have a right

6    to withdraw the plea even if the Court does not accept

7    any sentencing recommendation made on your behalf.

8              Do you understand that?

9              THE DEFENDANT:  Yes, sir.

15:46:19 10    THE COURT:  Paragraph 17 sets forth

11   "Stipulated Guideline computation," indicates, "The

12   parties agree that the following calculation, using the

13   current advisory Sentencing Guideline manual, represents

14   the correct computation of the applicable offense level."

15:46:47 15              And within Subparagraph A, it indicates,

16   "For purposes of determining defendant's statutory

17   penalty and imprisonment range under the Sentencing

18   Guidelines, defendant and the U.S. Attorney's Office

19   agree and stipulate that the amount of drugs conspired to

15:47:11 20   be possessed with the intent to distribute and

21   distributed in Count 1 is at least 500 grams of cocaine

22   but not" -- excuse me -- "but less than two kilograms,

23   which corresponds to a base offense level of 24 pursuant

24   to" the applicable Sentencing Guideline.

15:47:27 25              Do you understand that, ma'am?

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  Paragraph B indicates the

3    parties agree and stipulate that no other adjustment to

4    defendant's base level offense is warranted under the

15:47:39 5   applicable Sentencing Guidelines.

6            Do you understand that?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  Do you understand that as set

9    forth in Subparagraph B, if the Court determines that you

15:48:13 10  meet all the requirements of the "safety valve"

11   provisions of the applicable Sentencing Guideline and

12   5C1.2, then the party -- parties agree that a reduction

13   of two levels will be warranted under the applicable

14   Sentencing Guideline?

15:48:32 15      THE DEFENDANT:  Yes, sir.

16       THE COURT:  Paragraph sub B, 17, 17B

17   further sets forth the applicable base offense level and

18   subtotal in a chart and indicates that that level will be

19   24.

15:49:01 20          It further states that, "Unless otherwise

21   agreed to below within the plea agreement, the parties

22   agree that no other specific offense characteristics,

23   Guideline adjustments or Guideline departures will

24   apply."

15:49:14 25          Do you understand that, ma'am?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Paragraph 18 sets forth

3    possible application of Sentencing Guideline 2D1.1(b)(17)

4    and 5C1.2 and indicates, "The USAO agrees that defendant

15:49:37  5    meets the criteria set forth in subsection (2) through

6    (5) of Sentencing Guideline Section 5C1.2(a)."

7          Do you understand that, ma'am?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  It further indicates, "In the

15:49:50 10   event the USAO, from its review of defendant's

11   pre-sentencing report, concludes that defendant has no

12   more than one criminal history point and thus meets the

13   remaining criteria set forth in Sentencing Guideline

14   5C1.2(a) as set forth in Subsection (1) of that

15:50:08 15   provision, the USAO agrees to recommend, pursuant to the

16   applicable Sentencing Guideline, that defendant's offense

17   level be decreased by two levels."

18          Do you understand that, ma'am?

19          THE DEFENDANT:  Yes, sir.

15:50:34 20          THE COURT:  Paragraph 19 sets forth

21   acceptance of responsibility.  It indicates, "The USAO

22   has no reason to believe at this time that defendant has

23   not clearly and affirmatively accepted personal

24   responsibility for defendant's criminal conduct.  The

15:50:48 25   USAO agrees to recommend a three-level reduction for

1    acceptance of responsibility pursuant to the applicable

2    Sentencing Guideline, provided defendant's conduct

3    continues to reflect defendant's acceptance of

4    responsibility."

15:51:01 5            Do you understand that, ma'am?

6                     THE DEFENDANT:  Yes, sir.

7                     THE COURT:  It further states, "Defendant

8    understands it will be up to the Court at the time of

9    sentencing to determine whether a reduction for

15:51:08 10   acceptance of responsibility is appropriate."

11                    Do you understand that?

12                    THE DEFENDANT:  Yes, sir.

13                    THE COURT:  Paragraph 20 pertains to

14   criminal history category and indicates, "The parties

15:51:24 15  have no agreement about the criminal history category

16   applicable to this case."

17                    Do you understand that, ma'am?

18                    THE DEFENDANT:  Yes, sir.

19                    THE COURT:  It indicates, "The defendant

15:51:32 20  understands the criminal history category will be

21   determined by the Court after the completion of a

22   presentence investigation by the U.S. Probation Office."

23                    Do you understand that, ma'am?

24                    THE DEFENDANT:  Yes, sir.

15:51:44 25           THE COURT:  Paragraph 21 on Page 7, under

1    the caption "Waiver of appeal and post-conviction

2    attack," Paragraph 21 indicates, "Defendant acknowledges

3    having been advised by counsel of defendant's rights in

4    limited circumstances to appeal the conviction or

15:51:58 5    sentence in this case, including the appeal right

6    conferred by 18 U.S.C. Section 3742, and to challenge the

7    conviction or sentence collaterally through a

8    post-conviction proceeding, including a proceeding under

9    28 U.S.C. Section 2255."

15:52:20 10              Do you agree with that, ma'am?

11              THE DEFENDANT:  Yes, sir.

12              THE COURT:   "Defendant expressly and

13    voluntarily waives those rights, except as specifically

14    reserved below" within the plea agreement.

15:52:35 15              Do you understand that?

16              THE DEFENDANT:  Yes, sir.

17              THE COURT:   It further states in

18    Paragraph 21, "Defendant reserves the right to appeal:

19    A, any punishment in excess of the statutory maximum;

15:52:46 20    and, B, any sentence to the extent it exceeds the maximum

21    of the sentencing imprisonment range determined under the

22    advisory Sentencing Guidelines in accordance with the

23    sentencing stipulation and computation in this agreement

24    using the criminal history category found applicable by

15:53:00 25    the Court."

1          Do you understand that, ma'am?

2               THE DEFENDANT:  Yes, sir.

3               THE COURT:  It further states, "Nothing in

4     Paragraph 21 shall act as a bar to defendant perfecting

15:53:11  5     any legal remedies defendant may otherwise have on appeal

6     or collateral attack with respect to claims of

7     ineffective assistance of counsel or prosecutorial

8     misconduct."

9               Do you understand that, ma'am?

15:53:20 10               THE DEFENDANT:  Yes, sir.

11               THE COURT:  Paragraph 22 under the caption

12     "Waiver of statute of limitations," states "Defendant

13     waives all defenses based on the statute of limitations

14     with respect to any prosecution that is not already time

15:53:32 15     barred by the applicable statute of limitations on the

16     date of defendant's signing of this agreement and that is

17     commenced within one year after any of the following

18     events:

19               One, defendant fails to plead guilty at the

15:53:47 20     plea proceeding or the Court refuses to accept a guilty

21     plea by defendant pursuant to this plea agreement.

22               Two, the Court permits defendant to

23     withdraw a guilty plea entered pursuant to this agreement

24     or otherwise vacates such a guilty plea.

15:54:01 25               Or, three, the conviction obtained pursuant

1  to the agreement is vacated, overturned, or otherwise set

2  aside.

3          Do you understand that, ma'am?

4          THE DEFENDANT:  Yes, sir.

15:54:08  5          THE COURT:  It further states, "Defendant

6  understands the waiver of the statute of limitations is

7  effective immediately upon defendant's signing of this

8  agreement and is not conditioned upon the approval of

9  this agreement by the Court."

15:54:19  10          Do you understand that?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Ms. Taylor, I will now review

13  the portion of the plea agreement in which you stipulate

14  to the facts as they relate to the conduct charged in the

15:55:00  15  indictment.

16          As I do so, you will have an opportunity to

17  confirm your agreement with the facts that are set forth

18  or to indicate if there's any disagreement with the facts

19  as stated in the plea agreement.

15:55:15  20          Do you understand that?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Ms. Taylor, turning your

23  attention to Page 8 of 12 under the caption "Factual

24  basis and relevant conduct," Paragraph 23 states

15:56:17  25  "Defendant agrees that the following summary fairly and

1    accurately sets forth defendant's offense conduct and a

2    factual basis for the guilty plea.  Defendant further

3    agrees that the facts set forth in the summary are true

4    and could be established beyond a reasonable doubt if the

15:56:32  5    case were to proceed to trial.

6              "Paragraph 24" -- first of all, ma'am, do

7    you agree with that statement in Paragraph 23?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Paragraph 24 states, "Beginning

15:56:49 10    as early as August 1st, 2015 and continuing through

11    May 17th, 2016, the exact dates unknown, in the Northern

12    District of Ohio, Eastern Division and elsewhere,

13    Rayvonna Taylor, the defendant herein, and others known

14    and unknown, did unlawfully, knowingly and intentionally

15:57:05 15    combine, conspire, confederate and agree together and

16    with each other to possess with the intent to distribute

17    and to distribute at least 500 grams or more of a mixture

18    or substance containing a detectable amount of cocaine, a

19    Schedule II controlled substance."

15:57:23 20              Do you agree with the facts as set forth in

21    Paragraph 24?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  Paragraph 25 states,

24    "Specifically, on May 16th, 2016, postal inspectors

15:57:36 25    obtained a federal search warrant on a Priority Mail

1     parcel addressed to 1544 East 70th Street, Cleveland,

2     Ohio.  The parcel contained approximately 500 grams of

3     cocaine.  Postal Inspectors reviewed records for that

4     parcel and other associated suspected cocaine parcels and

15:57:54  5     determined that Taylor was the carrier that delivered

6     those previous parcels."

7                    Do you agree with the factual statements in

8     Paragraph 25?

9                    THE DEFENDANT:  Yes, sir.

15:58:03 10                    THE COURT:  Paragraph 26, "On

11     September 16th, 2016, investigators interviewed Taylor

12     who stated that she was paid $300 a parcel by an

13     individual she knew as Y. C. to personally deliver a

14     number of parcels to him.

15:58:18 15                    "Taylor states she believed the parcels

16     contained marijuana."

17                    Do you agree with the factual statements in

18     Paragraph 26?

19                    THE DEFENDANT:  Yes, sir.

15:58:27 20                    THE COURT:  Paragraph 27 states, "The

21     amount of drugs possessed and distributed by defendant

22     during the course of the conspiracy and/or directly

23     attributed to defendant's actions and reasonably

24     foreseeable within the conspiracy was at least 500 grams.

15:58:51 25                    MR. KATSAROS:  Your Honor, I apologize, it

1    should be "less."  It should "but less."

2              THE COURT:  Yes.

3              "But less than two kilograms of cocaine.

4    Defendant knew that the substance defendant was

15:59:08  5    possessing and distributing was a controlled substance."

6              Ms. Taylor, do you agree with the factual

7    statements in Paragraph 27?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  I'll note for the record that

15:59:16 10    Paragraph 27 has a typo.  I'm going to cross out the typo

11    which, Ms. Taylor, if you look at the one, two,

12    three -- third line in Paragraph 27, after the 500 grams,

13    it has the word "Nut."  It should be but.

14              Do you understand that, ma'am?

15:59:42 15              THE DEFENDANT:  Yes, sir.

16              THE COURT:  I'm going to cross that out,

17    put the correct word in there "But" and I'm going to ask

18    you and your counsel to initial it after we complete

19    review of the plea agreement.

15:59:51 20              Do you understand that, ma'am?

21              THE DEFENDANT:  Yes, sir.

22              THE COURT:  I'll also ask attorney for the

23    AU -- for the U.S. Attorney's Office to initial that as

24    well afterwards.

16:00:06 25              Paragraph 28 indicates, "Defendant

1    acknowledges that the above summary of defendant's

2    conduct does not set forth each and every fact that the

3    U.S. Attorney's Office could prove at trial, nor does it

4    encompass all of the acts which defendant committed in

16:00:24  5    furtherance of the offenses to which defendant is

6    pleading guilty."

7            Do you agree with the factual statements in

8    Paragraph 28, ma'am?

9            THE DEFENDANT:  Yes, sir.

16:00:31 10            THE COURT:  Do you wish to make any changes

11    to the factual statements in Paragraphs 23 through 27 of

12    the plea agreement?

13            THE DEFENDANT:  No, sir.

14            THE COURT:  Ms. Taylor, the indictment in

16:00:53 15    this case contained one count, and indicated, "Beginning

16    as early as August 1st, 2015, and continuing through

17    May 17th, 2016, in the Northern District of Ohio, Eastern

18    Division and elsewhere, Rayvonna Taylor, the defendant

19    herein, and others known and unknown to the grand jury

16:01:10 20    did unlawfully, knowingly and intentionally combine,

21    conspire, confederate and agree together and with each

22    other, and with diverse others known and unknown, to

23    possess with the intent to distribute and to distribute

24    500 grams or more of a mixture or substance containing a

16:01:29 25    detectable amount -- detectable amount of cocaine, a

1    Schedule II controlled substance, in violation of 21,

2    U.S.C., Section 841(a)(1) and (b)(1)(B) and Section 846."

3                    Do you agree with the factual statements as

4    set forth in the indictment?

16:01:47 5             THE DEFENDANT:  Yes, sir.

6                    THE COURT:  Ms. Taylor, if and once I find

7    that you have knowingly and intentionally entered a plea

8    of guilty to the charge alleged against you in the

9    indictment and as summarized in the plea agreement, that

16:02:32 10   plea of guilty is final and cannot be later withdrawn.

11                   Do you understand that?

12                   THE DEFENDANT:  Yes, sir.

13                   THE COURT:  Did you discuss that with your

14   attorney?

16:02:39 15            THE DEFENDANT:  Yes, sir.

16                   THE COURT:  Ms. Taylor, do you acknowledge

17   the accuracy of the factual basis set forth in the plea

18   agreement as summarized and admit that you did, in fact,

19   engage in the conduct described?

16:03:08 20            THE DEFENDANT:  Yes, sir.

21                   THE COURT:  Is it your intention to plead

22   guilty because you are, in fact, guilty of the offense

23   charged?

24                   THE DEFENDANT:  Yes, sir.

16:03:15 25            THE COURT:  Is your decision to plead

1   guilty the result of your own free will?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Has anyone threatened you or

4   anyone else or forced you in any way to plead guilty?

16:03:24  5          THE DEFENDANT:  No, sir.

6          THE COURT:  Ms. Taylor, as set forth in

7   Paragraph 29 of the plea agreement, it indicates that you

8   agree to provide a complete and accurate financial

9   statement as requested by the U.S. Attorney's Office.

16:04:02  10         Do you understand that?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Paragraph 30 indicates, "The

13   parties are free to advise the Court about matters not

14   expressly addressed in the plea agreement."

16:04:12  15         Do you understand that?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Paragraph 31 is captioned

18   "Allocation -- allocution," sorry, and indicates,

19   "Defendant understands and agrees that the U.S.

16:04:30  20   Attorney's Office reviews -- reserves the opportunity to

21   speak at defendant's sentencing.  The U.S. Attorney's

22   Office agrees that defendant reserves the right of

23   allocution at sentencing."

24         Do you understand that, ma'am?

16:04:39  25         THE DEFENDANT:  Yes, sir.

1    THE COURT:  Paragraph 32 captioned,

2    "Consequences of breaching the plea agreement" indicates,

3    "Defendant understands that if the defendant breaches any

4    promise in this agreement, commits additional crimes,

16:04:51  5    obstructs justice, attempts to withdraw defendant's plea

6    agreement, or if defendant's guilty plea is rejected by

7    the Court, or is vacated or set aside, the USAO will be

8    released from all of its obligations under this agreement

9    and may institute or maintain any charges and make any

16:05:09 10   recommendations with respect to sentencing that otherwise

11   would be prohibited under the terms of the agreement."

12             Do you understand that, ma'am?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  It further states, "Defendant

16:05:19 15   understands, however, that a breach of the agreement by

16   the defendant will not entitle defendant to withdraw,

17   vacate, or set aside the defendant's guilty plea or

18   conviction."

19             Do you understand that, ma'am?

16:05:28 20            THE DEFENDANT:  Yes, sir.

21             THE COURT:  Paragraph 33 indicates,

22   "Agreement not binding on other jurisdictions and

23   agencies."

24             Do you understand that, ma'am?

16:05:38 25            THE DEFENDANT:  Yes, sir.

1          THE COURT:  Paragraph 34 indicates,

2     "Defendant is satisfied with assistance of counsel."

3               Indicates, "Defendant makes the following

4     truthful statements:  I have discussed this case and this

16:06:35 5     plea agreement in detail with my attorney who has advised

6     me of my constitutional and other trial and appeal

7     rights, the nature of the charges, the elements of the

8     offense/offenses the United States would have to prove at

9     trial, the evidence the United States would present at

16:06:50 10    such trial, possible defenses, the advisory Sentencing

11    Guidelines and other aspects of sentencing, potential

12    losses of civil rights and privileges, and other

13    potential consequences of pleading guilty in this case."

14               Do you agree with that statement --

16:07:05 15              THE DEFENDANT:  Yes, sir.

16               THE COURT:  -- in Paragraph 34, ma'am?

17               THE DEFENDANT:  Yes, sir.

18               THE COURT:  Paragraph 34 further states, "I

19    have had sufficient time and opportunity to discuss all

16:07:12 20    aspects of the case in detail with my attorney and have

21    told my attorney everything I know about the charges, any

22    defenses I may have to the charges, and all personal and

23    financial circumstances in possible mitigation of the

24    sentence.  I am satisfied with the legal services and

16:07:27 25    advice provided to me by my attorney."

1          Do you agree with those statements in

2    Paragraph 34, ma'am?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Paragraph 35 captioned

16:07:42  5    "Agreement is complete and voluntarily entered" into

6    indicates, "Defendant and defendant's undersigned

7    attorney state that this agreement, including any other

8    content, is the entire agreement between the parties,

9    defendant and the U.S. Attorney's Office, and that no

16:08:17 10   other provision or inducement have been made directly or

11   indirectly by any agent or representative of the United

12   States Government concerning any plea to be entered in

13   this case."

14          Do you understand that, ma'am?

16:08:29 15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Do you agree with that

17   statement?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  It further states, "In

16:08:34 20   particular, no promises or agreements have been made with

21   respect to any actual or prospective civil or

22   administrative proceedings or actions involving

23   defendant, except as expressly stated herein."

24          Do you agree with that statement, ma'am?

16:08:47 25          THE DEFENDANT:  Yes, sir.

1          THE COURT:  It further states, "In

2   addition, defendant states that no person has threatened

3   or coerced defendant to do or refrain from doing anything

4   in connection with this case, including defendant's

16:08:56  5   decision to enter a guilty plea."

6          Do you agree with that, ma'am?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  It further states, "Finally,

9   defendant acknowledges that the agreement cannot be

16:09:02 10   modified unless in writing and subject to approval by the

11   Court."

12          Do you understand that, ma'am?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Mr. Katsaros, is there anything

16:09:36 15   further or any other rights or procedural provisions that

16   I have failed to account for prior to receiving

17   Ms. Taylor's plea?

18          MR. KATSAROS:  No, Your Honor.

19          THE COURT:  Mr. El-Kamhawy, is there any

16:09:52 20   other rights or procedural provision that I have failed

21   to account for prior to receiving Ms. Taylor's plea?

22          MR. EL-KAMHAWY:  No, Judge.

23          THE COURT:  Ms. Taylor, I'm prepared to

24   receive your plea.

16:10:01 25          Do you want an opportunity to confer with

1   your attorney before I ask you for your plea?

2                   THE DEFENDANT:  No, sir.

3                   THE COURT:  Do you have any questions

4   before I ask you for your plea?

16:10:11  5         THE DEFENDANT:  No, sir.

6                   THE COURT:  Now, having been advised of

7   your rights, having found you competent, and having found

8   a factual basis for your plea as set forth and summarized

9   in the plea agreement, how do you plead to the count in

16:10:30 10   the indictment; guilty or not guilty?

11                  THE DEFENDANT:  Guilty.

12                  THE COURT:  It is my finding that the

13  defendant in this case Ms. Rayvonna Taylor is fully

14  competent to and capable of entering an informed plea;

16:10:46 15   that she is aware of the nature of the charges brought

16  against her and the consequences of her plea; that her

17  plea of guilty to the count in the indictment in this

18  case is a knowing and voluntary plea supported by an

19  independent basis of fact containing each and every

16:11:03 20   essential element of the offense charged.

21                  Attorney El-Kamhawy, do you agree that the

22  factual basis covered and summarized in the plea

23  agreement addresses each essential element of the offense

24  to which Ms. Taylor is and intends to plead guilty to?

16:24:36 25         MR. EL-KAMHAWY:  Yes, Your Honor.

1    THE COURT:  Ms. Taylor, I accept your plea

2  of guilty and I recommend that the District Court approve

3  and accept your plea of guilty, approve the plea

4  agreement, and adjudge you guilty of the offense charged

16:24:57  5  in the sole count of the indictment.

6    Mr. Katsaros, is there anything further on

7  behalf of the United States?

8    MR. KATSAROS:  No, Your Honor.

9    THE COURT:  Mr. El-Kamhawy, anything

16:25:12  10  further on behalf of Ms. Taylor?

11    MR. EL-KAMHAWY:  No, Your Honor.

12    THE COURT:  Thank you.  With that, then,

13  this proceeding will be adjourned.

14    THE CLERK:  All rise.

16:25:39  15    (Proceedings concluded)

16    - - - - -

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3          I, Susan Trischan, within and for the State of

4     Ohio, do hereby certify that the above transcript is a

5     true and accurate record of the hearing held before

6     Magistrate Judge David A. Ruiz.  This record was prepared

7     from a tape provided by the Court.

8

9

10

11

12

13     **/s/ Susan Trischan**
       /S/ Susan Trischan, RMR, CRR
14     7-189 U.S. Court House
       801 West Superior Avenue
15     Cleveland, Ohio    44113
       216-357-7087
16

17

18

19

20

21

22

23

24

25