# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ] | CASE NO: 1:17 CR 20 |
| PLAINTIFF ] | JUDGE: CHRISTOPHER BOYKO |
| VS. ] | |
| RAYVONNA TAYLOR ] | |
| DEFENDANT ] | |

## SENTENCING MEMORANDUM

Now comes the Defendant, Rayvonna Taylor, by and through undersigned counsel, and submits to this Honorable Court this Sentencing Memorandum for its consideration prior and during the sentencing scheduled for July 28, 2017.

## SUMMARY

While sentencing Rayvonna, this Honorable Court should consider the following:

1. Rayvonna is only 28 years old.
2. She has no previous criminal record (PSI 41 and 42).
3. She fully admitted her guilt and is full of remorse (PSI 29).
4. She is a single mother and has 3 minor children (PSI 49).
5. She entered into a plea agreement where the Government agreed to the following stipulations: Base Offense Level of 24, pursuant to U.S.S.G. § 2D1.1(c)(8); a 2-level decrease for Safety Valve, pursuant to U.S.S.G. § 2D1.1(b)(17); a 3-level decrease for

acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b); for a Total Offense Level 19.

6. All she wants, while relying on the leniency of this Honorable Court, is to serve her time, get out, find a job and raise her children.

## **INTRODUCTION**

Now that the Federal Sentencing Guidelines are advisory, this Court enjoys both greater freedom and greater responsibility. No longer is the Court bound to make decisions based on a rigid analysis of guideline factors. Instead, this Court is required to consider **all** factors set forth in 18 U.S.C. 3553(a). This means that this Court is permitted and encouraged to consider evidence about this Defendant's personal and family history, individual characteristics, and a far broader range of mitigating factors than was previously permitted under the guidelines.

Every sentence imposed in Federal Court must be "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). This is obviously the starting point for every sentencing decision. This memorandum will attempt to set forth this Defendant's personal history and characteristics; a discussion regarding the seriousness of the offense, and its nature and circumstances; the need (or lack of need) to protect the public; Defendant's individual need for education, vocational training, or medical care; and the need to avoid any unwarranted disparity.

The Court has yet to determine the applicable guideline range for this Defendant, but once it does, it must "give respectful consideration to the guidelines" in determining a sufficient sentence, *Kimbrough v. United States*, 128 S.Ct. 558, at 570, 169 L.Ed.2d 481 (2007). The Court may not presume that the guideline sentence is the correct one. *Rita v. United States*, 127 S.Ct. 2456, (2007). Nor is the Court bound by the "policy determinations" embedded in the guidelines. *Kimbrough v.*

*United States,* 128 S.Ct. 558 (2007). After accurately calculating the advisory guideline range so that it "can derive whatever insight the guidelines have to offer," the district court "must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d. 680, at 685 (7th Cir. 2007).

Since the Court has yet to determine the applicable guideline range in the case at bar, it is not known whether that determination will contain a "departure". A guideline departure refers to the imposition of a sentence outside the advisory guideline range, or the assignment of a criminal history category, different than the one contemplated by the guidelines, to result in a sentence outside the advisory guideline range. U.S.S.G. § 1B1.1(E). Importantly, a departure results from a district court's application of a particular guidelines provision. *United States v. Smith*, 474 F.3d 888, 896(n)(3) (6th Cir. 2007).

Depending on the Court's determination on the Sentencing Guidelines, it is likely that this Defendant will seek a "variance" from the advisory guideline range. A variance refers to the imposition of a sentence outside of the advisory guidelines range based on this Court's weighing of one or more of the sentencing factors of 18 U.S.C. § 3553(a). *United States v. Smith*, 474 F.3d 888 (6th Cir. 2007). And while it is certainly true that the same facts and analysis can, at times, be used jointly to justify a guidelines departure <u>and</u> a variance, the concepts are distinct.

**I.1     SENTENCING GUIDELINES CALCULATION STANDARD:** The Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005) has directed that a sentencing court conduct a three-step analysis in determining the appropriate sentence. First, the court is to calculate the applicable guideline range. Next the court is to rule on motions for departure. Finally, the Court is to apply the factors enumerated in 18 U. S. C. §3553(a). Although the Sentencing Guidelines are neither mandatory nor presumed reasonable. *Nelson v. United States* US. 129 S. Ct. 890, 892, 172 Led. 2d. 719 (2009).

"a district court should begin all sentencing proceedings by correctly calculating the applicable guideline range" which is the "initial benchmark" for sentencing analysis. *Gall v. U.S.,* 552 U.S. 38, 128 S.Ct. 596, 598, 169 L.Ed. 2d 2445 (2007).

**I.1.1** She entered into a plea agreement where the Government agreed to the following stipulations: Base Offense Level of 24, pursuant to U.S.S.G. § 2D1.1(c)(8); a 2-level decrease for Safety Valve, pursuant to U.S.S.G. § 2D1.1(b)(17); a 3-level decrease for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b); for a Total Offense Level 19.

Said Plea Agreement was negotiated in good faith over the period of several months and sessions with the Government.

**I.1.2** In the case at bar Rayvonna's Criminal History is I. As such, with Offence Level 19, Criminal History I and Rayvonna's range is 30 - 37 months sentence pursuant to Federal Sentencing Guidelines.

## 18 U.S.C. § 3553 FACTORS

In sentencing a defendant, a district court must consider all of the factors set forth in 18 U.S.C. §3553(a). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range for-
 (A) the applicable category of offense committed by the applicable category of defendant as set for in the guidelines…
 …
(5) any pertinent policy statement-
 …

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. §3552(a)

Some of those factors need not be discussed at length here and/or will be addressed at the sentencing hearing. However, one factor is of particularular importance to the sentencing of this Defendant.

Rayvonna is a loving mother of three minor children. The defendant reported that she is a single parent and takes care of her children with assistance of her grandmother.

Rayvonna is no threat to the public. In fact all she wants to do is to get out, get a job and tend to her kids. That's all.

## DEFENDANT'S SENTENCING REQUEST

Defendant Rayvonna Taylor respectfully request that the Court issue a *Sentencing Order,* which includes the following:

A recommendation to the Bureau of Prisons that the Defendant be permitted to serve her term of incarceration, close to Cleveland, where her children can visit her during the time of incarsaration; and,

A recommendation to the Bureau of Prisons that Ms. Taylor be permitted to participate in the 500 hour residential substance abuse treatment program and other intensive programs for which

she qualifies.

## CONCLUSION

Therefore, the facts listed in this memorandum should provide this Honorable Court with foundation to believe that Rayvonna Taylor should not become just another statistic in our correctional system, but warrants this Honorable Court's leniency to consider sentencing not greater then necessary in the matter at bar.

Respectfully submitted,

/s/ Alek el-Kamhawy
**ALEK EL-KAMHAWY (0071845)**
Counsel for the Defendant
**14837 Detroit Avenue, #227**
**Lakewood, Ohio 44107**
**(216) 701-9465**
**(216) 712-7037**
**alek.kamhawy@gmail.com**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Alek El-Kamhawy*  
**Alek El-Kamhawy**